TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (480) 247-9644
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Betty Gregory

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Betty Gregory,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Why Not Lease It, LLC,<br><br>　　　　　Defendant. | Case No.:  5:15-cv-179<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Betty Gregory, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act").

2. Original jurisdiction exists pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The plaintiff, Betty Gregory (hereafter "Plaintiff"), is an adult individual residing in Temcula, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. The defendant, Why Not Lease It, LLC (hereafter "Defendant"), is a New Hampshire business entity with an address of 1750 Elm Street, Suite 1200, Manchester, New Hampshire 03104, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## FACTS

6. Within the past four years, Defendant called Plaintiff's cellular telephone number (951-XXX-4139) for the purpose of collecting a financial obligation allegedly owed by Plaintiff (the "Debt").

7. At all times mentioned herein, Defendant called Plaintiff's cellular telephone by using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

8. Plaintiff never provided her cellular telephone number to Defendant and never provided her consent to be contacted with an ATDS and/or Robocalls.

9. In or around December of 2014, and during a live conversation with Defendant's agent, Plaintiff unequivocally requested Defendant to cease calling her cellular telephone.

10. Despite Plaintiff's request, Defendant continued calling her cellular telephone with an ATDS and/or Robocalls at an annoying and harassing rate.

11. Defendant's calls to Plaintiff's cellular telephone often rang no more than one or two times before disconnecting, thus preventing Plaintiff from answering the call.

12. When Plaintiff answered the calls from Defendant, she was met with a prerecorded message that stated that the call was an attempt to collect a debt and to hold for the next available representative.

# COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's cellular telephone absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

15. Defendant's telephone system has the earmark of an ATDS in that many calls only rang one or two times before disconnecting and before Plaintiff had a chance to answer.

16. Defendant clearly placed Robocalls to Plaintiff's telephone as Plaintiff was met with a prerecorded message when she answered the calls.

17. Defendant used an ATDS and/or Robocalls to call Plaintiff's cellular telephone without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

18. Defendant continued to willfully call Plaintiff's cellular telephone using an ATDS and/or Robocalls knowing that it lacked the requisite consent to do so.

19. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

20. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

21. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

24. Upon information and belief, Defendant, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

25. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is alleged to be due and owing and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

26. The Debt arose from a transaction in which property, services or money is acquired on credit primarily for personal, family or household purposes, which meets the definition of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

27. Defendant's calls to Plaintiff were for the purpose of collecting a "consumer debt" as the term is defined by Cal. Civ. Code § 1788.2(f).

28. Defendant caused a telephone to ring repeatedly and engaged Plaintiff in continuous conversations with an intent to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

29. Defendant communicated with Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

30. Defendant failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.17.

31. Plaintiff is entitled to damages as a result of the Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA;

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA;

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Punitive damages, and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: January 29, 2015          TRINETTE G. KENT

By:   */s/  Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Betty Gregory