MARC S. HINES (SBN 140065)
mhines@hinescarder.com
NICOLE M. HAMPTON (SBN 189024)
nhampton@hinessmith.com
HINES CARDER LLP
3090 Bristol Street, Suite 300
Costa Mesa, California 92626
Tel.: (714) 513-1122
Fax: (714) 513-1123

Attorneys for Defendant,
WHYNOT LEASING, LLC, erroneously sued herein as
Why Not Lease It, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| BETTY GREGORY<br><br>                    Plaintiff,<br><br>vs.<br><br>Why Not Lease It, LLC<br><br>                    Defendant. | CASE NO. 5:15-cv-179<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |

Defendant WHYNOT LEASING, LLC, erroneously sued herein as Why Not Lease It, LLC ("WNL") hereby answers the Complaint for Violation of the Telephone Consumer Protection Act and Violation of the Fair Debt Collection Practice Act (the "Complaint"[1]) filed by Plaintiff BETTY GREGORY ("Plaintiff") and alleges affirmative defenses as follows:

1.      Defendant denies the allegations contained in paragraph 1 of the Complaint in their entirety.

2.      Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.     Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.     Based upon information and belief, Defendant admits the allegations of paragraph 4 of the Complaint.

5.     Defendant denies that portion of paragraph 5 of the Complaint identifying its legal name as "Why Not Lease It, LLC" but admits the remaining allegations in that paragraph.

6.     Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.     Defendant denies the allegations of paragraph 7 of the Complaint in their entirety.

8.     Defendant denies the allegations of paragraph 8 of the Complaint in their entirety.

9.     Defendant denies the allegations of paragraph 9 of the Complaint in their entirety.

10.    Defendant denies the allegations of paragraph 10 of the Complaint in their entirety.

11.    Defendant denies the allegations of paragraph 11 of the Complaint in their entirety.

12.    Defendant denies the allegations of paragraph 12 of the Complaint in their entirety.

## COUNT ONE

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. §227, *et seq.*

13.    Defendant realleges and incorporates by reference its response and answer to paragraphs 1 through 12 of the Complaint, as if fully set forth herein.

14.    Defendant can neither admit nor deny the allegations of paragraph 14 of the Complaint as it requires a legal interpretation of the referenced statute.

DEFENDANT'S ANSWER TO THE COMPLAINT

15.     Defendant denies the allegations of paragraph 15 of the Complaint in their entirety.

16.     Defendant denies the allegations of paragraph 16 of the Complaint in their entirety.

17.     Defendant denies the allegations of paragraph 17 of the Complaint in their entirety.

18.     Defendant denies the allegations of paragraph 18 of the Complaint in their entirety.

19.     Defendant can neither admit nor deny the allegations of paragraph 19 of the Complaint as it requires a legal interpretation of the referenced statute.

20.     Defendant denies the allegations of paragraph 20 of the Complaint in their entirety.

21.     Defendant denies the allegations of paragraph 21 of the Complaint in their entirety.

## COUNT TWO

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT – Cal. Civ. Code §1788, *et seq.*

22.     Defendant realleges and incorporates by reference its response and answer to paragraphs 1 through 21 of the Complaint, as if fully set forth herein.

23.     Defendant can neither admit nor deny the allegations of paragraph 23 of the Complaint as it requires a legal interpretation of the referenced statute.

24.     Defendant admits the allegations of paragraph 24 of the Complaint.

25.     Defendant admits the allegations of paragraph 25 of the Complaint.

26.     Defendant admits the allegations of paragraph 26 of the Complaint.

27.     Defendant denies the allegations of paragraph 27 of the Complaint in their entirety.

28.     Defendant denies the allegations of paragraph 28 of the Complaint in their entirety.

DEFENDANT'S ANSWER TO THE COMPLAINT

29.     Defendant denies the allegations of paragraph 29 of the Complaint in their entirety.

30.     Defendant denies the allegations of paragraph 30 of the Complaint in their entirety.

31.     Defendant denies the allegations of paragraph 31 of the Complaint in their entirety.

32.     In response to the prayer of the Complaint, Defendant, generally and specifically, denies all allegations contained therein and that Plaintiff is entitled to any damages prayed for in the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### [Failure to State a Cause of Action]

Plaintiff's Complaint and each and every cause of action contained therein against Defendant fails to state causes of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### [Doctrine of Estoppel]

Defendant alleges Plaintiff, by statements, conduct, acts, omissions, and acquiescence attributable to her is estoped from seeking any recovery or remedy as alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### [Doctrine of Unclean Hands]

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### [Failure to Mitigate]

Defendant alleges, assuming Plaintiff suffered any of the alleged damage, any recovery should be barred or limited by the failure on the part of Plaintiff to minimize or mitigate such damages.

////

DEFENDANT'S ANSWER TO THE COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE
### [Plaintiff's Breach of the Consumer Lease Agreement]

Defendant alleges, assuming Plaintiff suffered any of the alleged damage, any recovery should be barred or limited because of Plaintiff's breach of the Consumer Lease Agreement in that Plaintiff failed to return to Defendant the leased property at the end of the lease term and failed to make the periodic payments required under the lease in order to keep the subject property.

## SIXTH AFFIRMATIVE DEFENSE
### [Unjust Enrichment]

Plaintiff's claims, and each of them, are barred in whole or in part because Plaintiff would be unjustly enriched if allowed to recover in this action.

## SEVENTH AFFIRMATIVE DEFENSE
### [No Auto Dial or Pre-recorded Voice]

Defendant did not make use of an automatic telephone dialing system or an artificial or prerecorded voice, as defined by applicable statutes, in placing calls to Plaintiff. Defendant's auto-dial system does not have the capacity to, nor does it store or produce telephone numbers to be called, using a random or sequential number generator, and does not make use of a prerecorded voice. Any telephone numbers called by Defendant's system are those numbers previously provided to Defendant by Defendant's customers whose accounts are delinquent or in default.

## EIGHTH AFFIRMATIVE DEFENSE
### [Plaintiff's Prior and Express Consent]

Plaintiff provided to Defendant both verbal and written prior express consent to call her at the telephone numbers used by Defendant.

## NINTH AFFIRMATIVE DEFENSE
### [No Unlawful Practices]

Defendant did not engage in any unlawful debt collection practices, including, without limitation, did not cause a telephone to ring repeatedly or

continuously to annoy Plaintiff and did not communicate with Plaintiff with such frequency as to be unreasonable and to constitute harassment of Plaintiff under the circumstances.

## TENTH AFFIRMATIVE DEFENSE
### [No Unauthorized Calls]

Defendant did not call Plaintiff after her request that Defendant cease calling her.

## ELEVENTH AFFIRMATIVE DEFENSE
### [Plaintiff's Claim is Subject to an Arbitration Provision]

Defendant alleges that Plaintiff's claims as reflected in the Complaint are subject to an enforceable written agreement to submit this matter to binding arbitration. Plaintiff's Consumer Lease Agreement with Defendant provides under the Section entitled "ARBITRATION" as follows:

**ARBITRATION.** You and we agree that any claim or dispute arising from or in any way related to the Agreement must be resolved by binding arbitration in the state where you live instead of a lawsuit. If you want to opt out of arbitration with us you must notify us in writing of your decision within ten days of executing a lease agreement. Our agreement to arbitrate will be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1-16 and the substantive law of your state. You and we agree to use either the American Arbitration Association . . . or JAMS . . . . If a dispute arises, you or we can file a claim with either organization in the office of the selected organization nearest to your residence. If you file a claim against us, we will pay the initial filing fee but we each must pay our own attorney's fees and other costs. Arbitrators can award reasonable attorney's fees and costs to the prevailing party but neither party shall be permitted to recover punitive, exemplary or multiple damages from the other party. Nothing in our agreement to arbitrate is intended to prevent either of us from filing a lawsuit in an appropriate small claims court for an amount that does not exceed that courts jurisdictional limit however all

DEFENDANT'S ANSWER TO THE COMPLAINT

other disputes must be arbitrated. If either party attempts to remove a lawsuit initially filed in small claims court to another court, the other party can compel arbitration. Our agreement to arbitrate will survive termination of the Agreement and continue in effect to resolve any disputes between us. Agreeing to arbitration means that you are waiving your right to a trial by jury and your right to have a court resolve your dispute. You are waiving your right to participate in a class action lawsuit and to certain discovery rules that apply in lawsuits. We both agree that neither you nor we will request the arbitration to be conducted as a class-wide arbitration. We both agree that no arbitrator will have authority to certify a class in the arbitration or to conduct class-wide arbitration and that she can only decide disputes between you and us. If any part of this arbitration agreement is ruled invalid, then any underlying dispute must be resolved by a judge, sitting without a jury, in a court of competent jurisdiction, and not as a class action lawsuit.

Plaintiff did not opt out of arbitration as provided by the Lease Agreement. Defendant has requested of Plaintiff's counsel that the claims reflected in this action be submitted to binding arbitration pursuant to the Lease Agreement. Plaintiff has not yet indicated whether she is agreeable to arbitration of this dispute or is refusing to so arbitrate. If Plaintiff communicates a refusal to arbitrate this dispute, Defendant intends to promptly seek to compel arbitration and stay these proceedings pending completion of the arbitration.

## TWELVTH AFFIRMATIVE DEFENSE
### [Reservation]

Plaintiff has not pled her Complaint with sufficient particularity to allow Defendant to determine all applicable affirmative defenses and so this answering Defendant shall seek leave of Court to amend this Answer to the Complaint to insert additional affirmative defenses when and if the same have been ascertained.

DEFENDANT'S ANSWER TO THE COMPLAINT

Having answered Plaintiff's Complaint, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint against Defendant;

2. That Defendant may recover costs and expenses as allowed by law; and,

3. For such other and further relief as the Court deems just and equitable.

Dated: March 6, 2015          HINES CARDER LLP


By:     /s/ *Marc S. Hines*
        Marc S. Hines
        Attorneys for Defendant
        WHYNOT LEASING, LLC,

DEFENDANT'S ANSWER TO THE COMPLAINT